**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
-------------------------------------------------------
Tia D. Scott                           :
                                       :
        Plaintiff,                     :          Civ. No. 05-3363 (DRD)
                                       :
              v.                       :
                                       :
Danka Office Imaging Co.               :              O P I N I O N
                                       :
        Defendant                      :
                                       :
-------------------------------------------------------
```

Tia D. Scott
2114 Ivy Road, Apt. 8
Charlottesville, Virginia 22903

*Pro se Plaintiff*


Ian Warren Siminoff, Esq.
PEPPER HAMILTON LLP
300 Alexander Park, CN 5276
Princeton, New Jersey 08543-5276

*Attorney for Defendant*


**<u>DEBEVOISE, Senior District Judge</u>**

## I.  <u>PROCEDURAL HISTORY</u>

Plaintiff, Tia Scott, filed a claim with the Equal Employment Opportunity Commission

("EEOC") on February 10, 2004, alleging that she was terminated from her employment with

Defendant, Danka Office Imaging Co., because of her religion and in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.  Her claim was dismissed and Ms. Scott received her Right to Sue Notice on August 2, 2004.  On July 1, 2005, Ms. Scott filed suit with this court.  Defendant now moves for summary judgment.

## II.  BACKGROUND

Ms. Scott was hired by Defendant on or about February 14, 2002.  In October of that year, she converted to Islam.  According to her allegations, Ms. Scott's relationship with her coworkers significantly worsened after her religious conversion.  On September 25, 2003, her employment was terminated  Ms. Scott states that her supervisors told her she was fired because of her unauthorized use of the internet while at work and because she misrepresented her hours on her time-sheet.  Ms. Scott disputes that justification, stating that other employees engaged in the same activity but were not fired.

## III.  DISCUSSION

**Summary Judgment Standard**

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law,"  Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party,"  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law,  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment,  Id.   In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any

reasonable favorable inference to that party; in other words, "[T]he nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor,'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999), quoting, Anderson, 477 U.S. at 255.

**Title VII**

Under 42 U.S.C. § 2000e-5(f)(1), a party must file a Title VII claim within ninety days of receiving the Right to Sue Notice. Ms. Scott received her Right to Sue Notice on August 2, 2004 but did not file suit until July 1, 2005. Therefore, Ms. Scott's claim was filed long after the ninety day period in which she was entitled to file.

However, the Supreme Court has established a policy of treating Title VII time limits as limitation periods that are subject to equitable tolling. Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984). Therefore, the court can extend the limitations period if the plaintiff demonstrates a recognized equitable consideration. Richardson v. Hartford Bd. of Educ., No. 98-1910, 1999 U.S. Dist. LEXIS 22757, at *10 (D. Conn. 1999). For example, in Ramos v. Port Authority, No. 76-312, 1976 U.S. Dist. LEXIS 14468 (D.N.Y. 1976), the court allowed an extension where the EEOC misinformed the Plaintiff as to the time period in which she was allowed to file her claim. Equitable tolling has also been allowed "'in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Nearhood v. Tops Mkts., Inc., 76 F. Supp. 2d 304, 306 (D.N.Y. 1999). But equitable tolling is "generally applicable only where the plaintiff has not received adequate notice of the triggering of the filing period due to fortuitous

3

circumstances beyond his or her control that delay actual receipt of the EEOC notice."
Richardson 1999 LEXIS 22757, at *10.  Furthermore, equitable tolling is to be applied sparingly,
Nearhood v. Tops Mkts., Inc., 76 F. Supp. 2d 304, 306 (D.N.Y. 1999), and "[c]ourts have been
much less forgiving . . . 'when the claimant fail[s] to exercise due diligence in preserving his
legal rights.'" Id.

        In the present case, Plaintiff states she was advised by the office of the clerk of the court
that she could "sue at any time."  Assuming that allegation is true, Plaintiff may have received
some erroneous advice.  However, that advice does not constitute a recognized equitable
consideration.  It is undisputed that Plaintiff received her Right to Sue Notice on August 2, 2004
and that the notice appropriately advised her of the period within which she was entitled to file a
claim.

        Even if the above misinformation qualified as a recognized equitable consideration,
Plaintiff did not exercise due diligence in preserving her legal rights.  The relevant case law deals
primarily with instances where a plaintiff was several days late in filing.  In the present case,
Plaintiff waited nine months after her right to sue had expired.  Thus, leniency would be
inappropriate in this case even if Plaintiff produced a recognized equitable consideration.

        The court recognizes Plaintiff's pro se status and sympathizes with her situation.
However, it is well established that pro se plaintiffs are not excused from the filing requirements
in cases such as this.  See e.g., Brown v. Consolidated Freightway, 152 F.R.D. 656 (N.D. Ga.
1993) (pro se status did not excuse failure to comply with statutory filing period and complaint
was dismissed as untimely because it was filed one day after 90-day filing period had expired).

As there is no genuine issue as to any material fact in this case, and it is undisputed that Plaintiff filed her complaint after the period within which she was entitled to file, Defendant's motion for summary judgment should be granted.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted.  The Court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        November 14, 2005_____